**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OUTFOX HOSPITALITY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11008 (CTG)<br><br>(Jointly Administered) |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF OUTFOX HOSPITALITY LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MARTINEZ FAMILY PROVISIONS,<br><br>Defendant. | Adv. Pro. No. _______________ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Plaintiff, Jeoffrey L. Burtch, chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), by his undersigned attorneys, files this complaint (the "Complaint") against Martinez Family Provisions ("Defendant"), and in support thereof hereby alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff seeks to avoid and recover all transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of Defendant by the Debtors during the ninety (90)

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are Outfox Hospitality LLC, Bk. No. 24-11008 (CTG); Outfox Hospitality Midco LLC, Bk. No. 24-11009 (CTG); Doms Market LLC, Bk. No. 24-11010 (CTG); Doms Market Holdco Inc., Bk. No. 24-11011 (CTG); Foxtrot Intermediate Texas, Incorporated, Bk. No. 24-11012 (CTG); Foxtrot Holdings Texas, Incorporated, Bk. No. 24-11013 (CTG); Foxtrot Retail Incorporated, Bk. No. 24-11014 (CTG); Foxtrot Retail DC, LLC, Bk. No. 24-11015 (CTG); Foxtrot Retail Florida, LLC, Bk. No. 24-11016 (CTG); Foxtrot Retail Texas, Incorporated, Bk. No. 24-11017 (CTG); Foxtrot Ventures, Incorporated, Bk. No. 24-11018 (CTG).

day period prior to the filing of the Debtors' bankruptcy petitions, pursuant to 11 U.S.C. §§ 547 and 550.

2. In addition, Plaintiff seeks to disallow, pursuant to 11 U.S.C. § 502(d) and (j), any and all claims that Defendant has filed or asserted against the Estates. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in 11 U.S.C. § 502(a) through (j).

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This adversary proceeding arises under and in, and is related to, cases under title 11 of the United States Code (the "Bankruptcy Code") pending before the Court, jointly administered under Case No. 24-11008 (CTG), and styled as *In re: Outfox Hospitality LLC, et al.*

4. The statutory and legal predicates for the relief sought herein are 11 U.S.C. §§ 502, 547, and 550, and Fed. R. Bankr. P. 3007 and 7001.

5. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders and judgments related to matters arising herein.

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Defendant is subject to this Court's jurisdiction because Defendant conducted business in the United States, directed activities toward the Debtors in the United States, and/or the transfers at issue occurred in the United States.

8. Pursuant to Rule 7008-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

9. On May 14, 2024 (the "Petition Date"), the Debtors filed voluntary petitions in the Court for relief under chapter 7 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

10. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the interim trustee for the Estates. The section 341 meeting of creditors was held and concluded on June 11, 2024. The Trustee now serves pursuant to section 702(d) of the Bankruptcy Code.

11. Prior to the Petition Date, the Debtors operated grocery markets at approximately thirty-five (35) leased locations where they sold food, alcohol, groceries, and other goods. Approximately two (2) locations operated as Dom's Kitchen & Market and the remaining markets operated under the Foxtrot brand. Additionally, the Debtors leased storage spaces, parking lots, and operated commissaries where grab and go food items were prepared for sale in the markets. On or about April 23, 2024, the Debtors ceased all operations, terminated all employees, and closed their markets and commissaries.

## THE PARTIES

12. Pursuant to 11 U.S.C. §§ 502, 547, and 550, Plaintiff is authorized and has standing to commence and prosecute the claims asserted in this Complaint on behalf of the Estates.

13. Defendant is a business entity with its principal office address at 321 South Fairbank Street, Addison, IL 60101.

14. Defendant was, at all times relevant, a creditor of one or more of the Debtors, and one or more of the Debtors made transfers to Defendant during the 90 days prior to the Petition Date (the "Preference Period").

## FACTUAL BACKGROUND

### A. The Transfers

15. Upon information and belief, during the course of their relationship, the Debtors and Defendant entered into agreements for goods and/or services (collectively, the "Agreements"), which are evidenced by invoices, purchase orders, communications, and/or other documents, and those Agreements gave rise to the Transfers (defined below).

16. During the Preference Period, certain of the Debtors made transfers of property to or for the benefit of Defendant in accordance with such Agreements, in the form of payments aggregating an amount not less than $67,672.91 (the "Transfers"). The Transfers are identified on **Exhibit A** attached hereto, together with related details for each Transfer obtained from the Debtors' books and records, including the identity of any Debtor transferors, the payment date, and the payment amount.

17. Prior to filing this Complaint, Plaintiff, through counsel, sent a letter to Defendant, advising Defendant that Plaintiff was not a party to the underlying transactions and had limited information regarding potential affirmative defenses to avoidance of the Transfers. Accordingly, Plaintiff requested that Defendant provide facts supporting any affirmative defenses and copies of all relevant documents.

18. Based upon Plaintiff's review of any information provided by Defendant prior to filing this Complaint, and after performing reasonable due diligence regarding reasonably knowable affirmative defenses based on available records, Plaintiff has determined that the Transfers may be avoided.

19. To date, Defendant has not paid or surrendered to Plaintiff the value of the Transfers or provided information that Plaintiff believes is sufficient to establish a complete defense to avoidance of the Transfers.

20. During the course of this adversary proceeding, Plaintiff may learn of additional transfers made to Defendant that may be subject to avoidance. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors to or for the benefit of Defendant or any other transferee, to the extent avoidance is authorized under applicable law. Plaintiff reserves his right to amend this Complaint to, without limitation: (i) include further information or modify information regarding the Transfers; (ii) assert claims related to additional transfers; (iii) modify Defendant's name; (iv) add additional defendants; or (v) assert additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for such amendment(s) to relate back to the date of this Complaint.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547(b))**

21. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of the Complaint, and incorporates such allegations by reference as though set forth fully herein.

22. Pursuant to 11 U.S.C. § 547(b), a trustee, after conducting reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c), may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims that it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

23. After reasonable due diligence under the circumstances of the Bankruptcy Cases, including with respect to potential defenses under 11 U.S.C. § 547(c), Plaintiff believes that the Transfers are avoidable.

24. Defendant was a creditor of the Debtors at the time of each Transfer by virtue of supplying to the Debtors the goods and/or services identified in this Complaint and in the Agreements, for which the Debtors were obligated to pay following delivery in accordance with the Agreements.

25. Each of the Transfers was made to or for the benefit of Defendant within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to Defendant.

26. Each of the Transfers was for or on account of antecedent debt owed by one or more of the Debtors to Defendant before such transfers were made.

27. Defendant had no collateral, security interest, or lien to secure payment of the indebtedness incurred by the Debtors.

28. Each of the Transfers was made during the Preference Period, and each of the Transfers was made while the Debtors were insolvent.

29. As a result of each Transfer, Defendant received more than Defendant would have received if the Transfers had not been made and Defendant received payment of its debts under the provisions of the Bankruptcy Code.

30. By reason of the foregoing, Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 avoiding the Transfers, except to the extent of any valid and proven defenses.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550(a))**

31. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of the Complaint, and incorporates such allegations by reference as though set forth fully herein.

32. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

33. Plaintiff is entitled to recover from Defendant the value of the Transfers pursuant to 11 U.S.C. § 550(a), to the extent the Transfers are avoided pursuant to 11 U.S.C. § 547, plus interest thereon to the date of payment and the costs of this action.

**THIRD CLAIM FOR RELIEF**
**(Disallowance of Claims – 11 U.S.C. § 502(d) and (j))**

34. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs of the Complaint, and incorporates such allegations by reference as though set forth fully herein.

35. Defendant is a transferee of transfers that are avoidable pursuant to 11 U.S.C. § 547, which property is recoverable pursuant to 11 U.S.C. § 550.

36. Defendant has not paid the amount of the avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

37. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignees against the Estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

A. On the First and Second Claims for Relief, judgment pursuant to 11 U.S.C. § 547(b) and 550(a) avoiding the Transfers and directing Defendant to return to Plaintiff the amount of the Transfers, less the value of any valid and proven defenses, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed under applicable law, together with the costs and expenses of this action to the fullest extent allowed under applicable law;

B. On the Third Claim for Relief, judgment pursuant to 11 U.S.C. §§ 502(d) and (j) disallowing any and all claims held or filed by Defendant against the Estates until Defendant has returned the amount of the Transfers to Plaintiff; and

C. Granting Plaintiff such other and further relief as this Court may deem just and equitable.

Dated: May 14, 2026

**COZEN O'CONNOR**

*_/s/ Simon E. Fraser_*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
Simon E. Fraser (No. 5335)
Marla S. Benedek (No. 6638)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
mfelger@cozen.com
gfischer@cozen.com
sfraser@cozen.com
mbenedek@cozen.com

*Counsel for Jeoffrey L. Burtch, Plaintiff*
*Chapter 7 Trustee*